923 F.2d 839
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Joel WETMORE, Plaintiff, Appellant,
v.
John D. MCELWEE, Defendant, Appellee.
 No. 90-1610.
 United States Court of Appeals, First Circuit.
 Oct. 10, 1990.
 
 Appeal from the United States District Court for the District of Maine; Gene Carter, District Judge.
 Joel Wetmore, on brief pro se.
 D.Me.
 AFFIRMED.
 Before BREYER, Chief Judge, and SELYA and CYR, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant, Joel Wetmore, who currently is in prison, filed this 42 U.S.C. Sec. 1983 action. According to his complaint, he was convicted of gross sexual misconduct on May 13, 1987. He claims that his conviction is invalid because his due process rights were violated when the prosecuting attorney failed to follow the procedure set out in Me.Rev.Stat.Ann. tit. 30, Sec. 507 (physical examination of crime victims):
 
 
 2
 1. Payment of expenses by district attorney. In all cases of alleged rape, gross sexual misconduct, sexual abuse of minors and assault when serious bodily injury has been inflicted, which are reported to a law enforcement officer, the office of the district attorney ... shall pay all expenses for a physical examination of a victim of the alleged crime which is conducted for the purpose of obtaining evidence for the prosecution.
 
 
 3
 Appellant claims that the prosecuting attorney did not comply with the statute because no physical examination was conducted. Thus, appellant argues, he was deprived of the physical evidence such an examination might have revealed. As relief, he seeks (1) a declaratory judgment that the prosecuting attorney violated constitutional and state law; (2) release from prison; and (3) money damages.
 
 
 4
 The district court dismissed appellant's complaint, pursuant to 28 U.S.C. Sec. 1915(d), finding it frivolous and malicious. The court based its result on the absolute immunity of prosecutors from Sec. 1983 damages actions. See Imbler v. Pachtman, 424 U.S. 409, 424 (1976). It did not discuss appellant's request to be released from prison.
 
 
 5
 After reading the statute, it is not clear that it involves prosecutorial duties. The language that requires the payment of the expenses of a physical examination specifies that the exam be "conducted for the purpose of obtaining evidence for the prosecution." This may involve investigatory functions. A prosecutor is only entitled to qualified immunity in this situation. See Guerro v. Mulhearn, 498 F.2d 1249, 1256 (1st Cir.1974).
 
 
 6
 Assuming, without deciding, that we must apply the doctrine of qualified immunity in this case, the prosecutor still is shielded from damages liability in this action. Qualified immunity applies when a prosecutor's conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). It is plain that there was no right at all, much less a "clearly established" right, to the performance of a physical examination of the victim pursuant to Sec. 507(1). The statute itself is not mandatory; a prosecutor is not required to obtain such an examination. Thus, there is no doubt that the prosecutor had the required objective belief that he was not violating appellant's statutory or constitutional rights in not ordering a physical examination. See Maldonado Santiago v. Velazquez Garcia, 821 F.2d 822, 830 (1st Cir.1987).
 
 
 7
 Besides seeking money damages, appellant also maintains that because his confinement is unconstitutional, he should be released from prison. This type of claim may not be brought in a Sec. 1983 action. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release ... his sole federal remedy is a writ of habeas corpus." Id. As a result, then, to have this claim heard in federal court, appellant must follow the procedure set out in 28 U.S.C. Sec. 2254, including the requirement that he exhaust state remedies before filing such a petition.
 
 
 8
 For these reasons, we affirm the judgment of the district court.